**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| SEAN MANUEL ORTIZ, : | |
| : | Civil Action No. 14-5801(NLH) |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| ATLANTIC COUNTY JUSTICE : | |
| FACILITY, et al., : | |
| : | |
| Defendants. : | |

---

**APPEARANCES:**

Sean Manuel Ortiz
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ  08330
    Plaintiff pro se

**HILLMAN,** District Judge

     Plaintiff Sean Manuel Ortiz, a prisoner confined at Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]

---

[1] Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and will order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint, dated August 31, 2014, and are accepted as true only for purposes of this review.

Plaintiff asserts that on August 25, 2014, Correctional Officer Pharo and Sgt. Linn knew that maintenance was being performed on plumbing pipes, but failed to forewarn him. Accordingly, when he took a shower that evening, he ingested water containing rust and residue.  He alleges that he became immediately ill, vomiting, and was taken to the medical department where his vital signs were taken and he was released to his unit.  He alleges that he was still feeling ill the next day and returned to the medical unit where he remained for a day for observation, provided a stool sample, and then was returned to his unit.  He alleges that has remained ill, suffering from

stomach pains, diarrhea, and blood in his stool, but has not received a thorough examination or appropriate treatment from medical staff.  More specifically, he asserts that he should have been given antibiotics.

In the caption to the Complaint, Plaintiff names as defendants the Atlantic County Justice Facility and Sgt. Linn. In the body of the Complaint, he also names Correctional Officer Pharo as a defendant.  Plaintiff seeks compensatory and punitive damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... .  Factual allegations must be enough to raise a right to relief above the speculative level ... .

3

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Where a complaint can be remedies by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited

4

in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### IV. ANALYSIS

A. Claims Against Atlantic County Justice Facility

Plaintiff has named the Atlantic County Justice Facility as a defendant in his Complaint. A jail, however, is not a "person" amenable to suit under § 1983. See, e.g., Parrish v.

5

Aramark Foods, Inc., Civil No. 11-5556, 2012 WL 1118672, *3 (D.N.J. April 2, 2012) (collecting cases).  Accordingly, this Court will dismiss with prejudice all claims asserted against Atlantic County Justice Facility.

B.   Claims Against Sgt. Linn and C.O. Pharo

Plaintiff contends that Sgt. Linn and C.O. Pharo should have advised him that maintenance was being performed on the plumbing pipes.  Plaintiff does not state whether he was a pre-trial detainee, protected by the Fourteenth Amendment Due Process Clause, or a convicted and sentenced prisoner protected by the Eighth Amendment proscription against cruel and unusual punishment, at the time of the events complained of.  As set forth below, under either standard the result is the same.

Criminal pretrial detainees retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment. See Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 (3d Cir. 2000).  Analysis of whether such a detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979).  Hubbard, 399 F.3d at 157-60, 164-67; Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry

6

> is whether those conditions amount to punishment of the detainee. ...
>
> Not every disability imposed during pretrial detention amounts to punishment in the constitutional sense, however. …
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].  Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment. Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.  ...

441 U.S. at 535-39 (citations omitted).

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting cruel and unusual punishments on those convicted of crimes.  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 344-46 (1981).  This proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency."  <u>Helling v. McKinney</u>, 509 U.S. 25, 32 (1993).  It is well settled that "the treatment a prisoner receives in

7

prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Id. at 31.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation." Helling v. McKinney, 509 U.S. at 32 (quoting Rhodes, 452 U.S. at 346). This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303.

A plaintiff may satisfy the objective component of a conditions-of-confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. Rhodes, 452 U.S. at 347-48; Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992). While the Eighth

8

Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, however, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. Id. at 347. An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F.Supp. 193, 198 (D.N.J. 1997).

Here, Plaintiff has alleged that, on a single occasion, he was exposed to rusty, residue-laden water in the shower because he had not been forewarned that maintenance was being performed on the pipes. Nothing about these facts suggests either that he was deprived of "the minimal civilized measure of life's necessities," or that Sgt. Linn or Correctional Officer Pharo was deliberately indifferent to a substantial risk of harm in violation of the Eighth Amendment. Similarly, nothing about these facts suggests that these defendants had any intent to punish Plaintiff in violation of the Fourteenth Amendment. To the contrary, these facts suggest, at most, simple negligence, not actionable under § 1983. See Caldwell v. Beard, 324 F.App'x 186, 188 (3d Cir. 2009).

9

For the foregoing reasons, the claims against Sgt. Linn and Correctional Office Pharo will be dismissed without prejudice.

C.   Claims of Inadequate Medical Care

Plaintiff's Complaint could be construed as asserting, also, that he has been deprived of adequate medical care for the gastrointestinal problems allegedly caused by the exposure to dirty water. Again, the allegations of the Complaint fail to state a claim.

The due process rights of a pretrial detainee, to medical care, are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 244-45 (1983) (citing, inter alia, Bell v. Wolfish, 441 U.S. 520 (1979)). The Eighth Amendment proscription against cruel and unusual punishment is violated when prison officials are deliberately indifferent[2] to a prisoner's serious medical needs.[3] Estelle v.

---

[2] "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).

[3] Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Gamble, 429 U.S. 97, 103-04 (1976). "Where prison authorities deny reasonable requests for medical treatment, ... and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest. Similarly, where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,' the deliberate indifference standard has been met." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988) (citations omitted).

A prisoner's subjective dissatisfaction with his medical care, however, does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, mere disagreements over medical judgment do not state Eighth Amendment claims. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

Beyond these parameters, the Court of Appeals for the Third Circuit has not delineated the standard applicable to claims that denial or inadequacy of medical care violates a detainee's right to due process. See, e.g., Carson v. Mulvihill, 488 F.App'x 554, 561 (3d Cir. 2012) ("We need not resolve today which standard [Bell or Estelle] applies."); King v. County of

11

Gloucester, 302 F.App'x 92, 95 (3d Cir. 2008) ("In assessing the denial of medical care to a pretrial detainee, … [the] inquiry involves an indirect application of the Eighth Amendment deliberate indifference standard.").

Here, under either standard, Plaintiff has utterly failed to allege facts demonstrating an unconstitutional denial of medical care.  Assuming, without deciding, that a gastrointestinal upset lasting six days constitutes a "serious medical need," this Court finds that Plaintiff has failed to allege any facts suggesting "deliberate indifference" or "intent to punish" on the part of any medical providers or correctional personnel.  To the contrary, Plaintiff was seen by medical staff immediately; he was seen again the next day and held for observation; and he provided a stool sample, at a doctor's request, for testing.  Plaintiff does not assert that he has advised medical staff of his continuing discomfort or that they have refused to see him.  Plaintiff's suggestion that he should have been prescribed an antibiotic, and his characterization of his examinations as insufficiently thorough, amount to nothing more than simple disagreement with the medical care provided, which does not demonstrate a constitutional violation.

In addition, Plaintiff has failed to name as a defendant anybody involved in the provision or denial of medical care.

That is, he has failed to identify any state actor who deprived him of a constitutional right.

For all of these reasons, Plaintiff has failed to state a claim for violation of his constitutional right to adequate medical care.

## V.   CONCLUSION

For the reasons set forth above, all claims will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c), for failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim against Sgt. Linn or Correctional Officer Pharo, the Court will grant Plaintiff leave to file an application to re-open accompanied by a proposed amended complaint.[4]  An appropriate order follows.

At Camden, New Jersey          s/ Noel L. Hillman
                               Noel L. Hillman
September 23, 2014             United States District Judge

---

[4] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases).  See also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.  Id.

13